# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Le, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| Firstsource Advantage, LLC. | ) |
| and John Doe, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Richard Le (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Firstsource Advantage, LLC. (hereinafter "Firstsource"), is a collection agency operating from an address of 205 Bryant Woods S, Buffalo, New York 14228-4400 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe"), is a natural person employed by Defendant Firstsource as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to February 2009, upon information and belief, Plaintiff's wife, Diem Tran, incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Firstsource for collection from Plaintiff.

9. Upon information and belief, in February 2009, Plaintiff began receiving telephone calls from Defendant Doe attempting to contact Plaintiff's wife.

10. Upon information and belief, on February 22, 2009 Defendant Doe contacted Plaintiff at Plaintiff's place of employment.  Plaintiff informed Defendant Doe

that Defendant Doe was calling Plaintiff's work number and to not call it again as Plaintiff's employer prohibits such communication.

11. Upon information and belief, on March 3, 2009 and March 11, 2009 Defendant Doe left two (2) messages on Plaintiff's work number.

12. Upon information and belief, in March of 2009 Defendant Doe left a message on Plaintiff's work number stating, "Diem Tran, if you are not Diem Tran then do not listen to this message. If you are going to listen to this message you are acknowledge that you are Diem Tran. The law requires that I notify you that my name is … and I'm calling from Firstsource Advantage, LLC a debt collection company. This is an attempt to collect a debt any information obtained will be used for that purpose. Please call me at 1-866-796-7783 and refer to reference number, 12571470 our office will be open until 9 p.m. eastern standard time."

13. The conduct of Defendants as more fully described herein is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692e, and 1692f amongst others.

**Respondeat Superior Liability**

14. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Firstsource who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Firstsource.

15. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant Firstsource in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Firstsource.

17. Defendant Firstsource is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

18. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

### **TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

20. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

23. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

24. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

25. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

26. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

27. such other and further relief as may be just and proper.

Dated:  June 3, 2009         **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

 s/ Mark L. Vavreck                                            .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:   (612) 659-9220
mark@smgvlaw.com

**ATTORNEY FOR PLAINTIFF**